1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Drago C. Baric
1656 Barrywood Avenue
San Pedro, California 90731
310-897-6645
dcbaric@gmail.com

Plaintiff Pro Se

FEE PAID



FILED
CLERK, U.S. DISTRICT COURT

5/10/21

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CS___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DRAGO C. BARIC,

          Plaintiff,

   v.

STATE BAR OF CALIFORNIA,
OFFICE OF CHIEF TRIAL
COUNSEL, AUGUSTIN
HERNANDEZ, DREW MASSEY,
BRANDON TADY, STATE BAR
COURT OF CALIFORNIA,
CYNTHIA VALENZUELA,
CATHERINE PURCELL, W.
KEARSE MCGILL, RONALD
STOVITZ, CALIFORNIA
SUPREME COURT, JORGE E.
NAVARRETE, IN HIS OFFICIAL
CAPACITY AS SUPREME COURT

No. CV21-3968-MCS(MRWx)

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL AND
REQUEST FOR DECLARATORY
RELIEF**

1. Civil Rights Violation

2. Americans with Disabilities Act Rights Violation

3. Wrongful Use of Administrative Proceedings

4. Abuse of Process

5. Intentional Infliction of Emotional Distress

6. Negligent Infliction of Emotional Distress

7. Conspiracy

8. Violation of Federal Bankruptcy Law

9. Declaratory Relief

CLERK AND EXECUTIVE
OFFICER, FRANCHISE TAX
BOARD, AND DOES 1-300,

                    Defendants.

Plaintiff, DRAGO C. BARIC, complains against Defendants as follows:

Jurisdiction and Parties

1.      This is an action for violations of the Civil Rights Act, the Americans
with Disabilities Act and other related California state causes of action.

2.      Plaintiff's claims arise out of Plaintiff being licensed to practice law
in the state of California since 1982 and the unlawful acts of Defendant State Bar
of California, and specifically, Defendant Office of Chief Trial Counsel and its
employees, Defendants Hernandez, Massey, Tady, and others whose true names
are unknown to Plaintiff, and the State Bar Court of California and its employees
Defendants Valenzuela, Purcell, McGill, Stovitz and others whose names are
unknown to Plaintiff.

3.      Plaintiff Drago C. Baric (hereinafter "Plaintiff") is a resident of
California and resides in the Central District of California.

4.      Defendant State Bar of California (hereinafter "State Bar") is a quasi-
governmental licensing agency, and Defendant Office of Chief Trial Counsel

**COMPLAINT FOR DAMAGES**                    - 2 -

(hereinafter "OCTC") the prosecutorial branch of Defendant State Bar, are each under the purview of Defendant California Supreme Court (hereinafter "Supreme Court") and have offices in California and within the Central District of California.

5.     Defendant Augustin Hernandez (hereinafter "Hernandez"), Defendant Drew Massey, and Defendant Brandon Tady are employees and attorneys of Defendant OCTC and are employed in the state of California and have offices in the Central District of California.

6.     Defendant State Bar Court of California (hereinafter "State Bar Court") is an administrative law court under the purview of Defendant Supreme Court and has offices in California and within the Central District of California.

7.     Defendant Cynthia Valenzuela (hereinafter "Valenzuela"), Defendant Catherine Purcell (hereinafter "Purcell"), Defendant W. Kearse McGill (hereinafter "McGill) and Defendant Ronald Stovitz (hereinafter "Stovitz") are employees and administrative hearing officers of Defendant State Bar Court and are employed in the state of California and have offices in the Central District of California.

8.     Defendant Jorge E. Navarrete (hereinafter "Navarrete") is the Supreme Court Clerk and Executive Officer for Defendant Supreme Court, which is a agency of state of California, and is being sued herein in his capacity as Supreme Court Clerk and Executive Officer, and not personally or individually, and is employed in the state of California.

9.     Defendant Franchise Tax Board is a California state agency with offices in the state of California.

10.     The events out of which this controversy arose occurred in the Central District of California and this Court has jurisdiction over this matter pursuant to 28 USC §1331 and §1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367.

<u>Background Facts</u>

11.     Plaintiff graduated law school with honors, passed the July bar and was licensed to practice law in the state of California in December of 1982.

12.     After over twenty years of discipline-free law practice, Plaintiff began experiencing major depression, a disability specifically listed as protected by the Americans with Disabilities Act (hereinafter "ADA").

13.     As a result of Plaintiff's ADA disability, Plaintiff had difficulty managing some duties with a few of Plaintiff's clients.

14.     Complaints from clients led to Defendant State Bar bringing disciplinary charges against Plaintiff.

15.     Since the beginning of Defendant State Bar's disciplinary process, Plaintiff has been subjected to repeated unethical, illegal and malicious acts by Defendants State Bar, OCTC and State Bar Court employees in violation of Plaintiff's civil and ADA rights.

16.   At one point, Defendant Hernandez admitted to Plaintiff that, with full knowledge of Plaintiff's mental health disability and its impact on Plaintiff's law practice, at least one high level employee of Defendant State Bar, whose identity is still unknown, had improperly "targeted" Plaintiff for future disbarment.

17.   Repeatedly and consistently, throughout the disciplinary process, Plaintiff has suffered serious and unlawful discrimination due to Plaintiff's mental health disability causing Plaintiff to file an official complaint with the Disability Rights Section of the United States Department of Justice, complaint number 100067264.

18.   Defendants State Bar, OCTC, Hernandez, Massey, Tady, State Bar Court, Valenzuela, Purcell, McGill, Stovitz, and others whose identities are still unknown, either individually or together, intentionally and wrongfully violated Plaintiff's civil and ADA rights by concealing the existence of, failing to advise Plaintiff of, and/or preventing Plaintiff from obtaining protection of Defendant State Bar's Lawyers Assistance Program (hereinafter "LAP") and Defendant State Bar's Alternate Discipline Program (hereinafter "ADP").

19.   Defendants State Bar, OCTC, Hernandez, Massey, Tady, State Bar Court, Valenzuela, Purcell, McGill, Stovitz, and others whose identities are still unknown, either individually or together, intentionally and wrongfully violated Plaintiff's civil and ADA rights by withholding, allowing others to withhold, or

approving the policy of withholding the filing of allegations against Plaintiff for the sole purpose of unethically elevating the level of discipline for the corrupt purpose of disbarring Plaintiff.

20.     Repeatedly and consistently, throughout the disciplinary process, Plaintiff has experienced serious civil rights and due process abuses despite Plaintiff's mental health disability.

21.     Defendants State Bar, OCTC, Hernandez, Massey, Tady, State Bar Court, Valenzuela, Purcell, McGill, Stovitz, and others whose identities are still unknown, either individually or together, intentionally and wrongfully violated Plaintiff's civil and ADA rights by denying Plaintiff due process and preventing Plaintiff from obtaining fair hearings throughout the disciplinary process, including, but not limited to, Plaintiff being denied protection through the ADP and LAP, being denied discovery, being denied a reasonable continuance of hearing, being denied the opportunity to call witnesses in Plaintiff's defense, being denied the opportunity to present a defense at all and being held culpable for misconduct on the basis of legally insufficient and inadmissible evidence, all towards the improper goal of disbarring Plaintiff.

22.     As a result of the unlawful actions of these Defendants over the period of years, Plaintiff has been prevented from being employed in the practice of law since July 15, 2011, and was ultimately disbarred by Defendant State Bar Court in

the matter of 17-O-00030 on May 10, 2019, and has additionally caused Plaintiff to suffer improper and unlawful financial harassment by way of illegal garnishment and collection actions, as recent as the filing of a judgment against Plaintiff in Los Angeles Superior Court on November 10, 2020, case number 20STCP03646.

23.    Throughout the unlawful disciplinary process and beyond, Defendants, with full knowledge of and complete disregard for the consequences of their actions, have maliciously subjected Plaintiff to extreme mental anguish and have seriously affected Plaintiff's physical and mental health, and have tremendously elevated Plaintiff's mental health symptoms to a life-threatening level.

24.    Plaintiff respectfully requests declaratory relief against Defendants State Bar Court, California Supreme Court and Jorge E. Navarrete, sued herein in his capacity as Supreme Court Clerk and Executive Officer, to vacate the findings of misconduct by Defendant State Bar Court and vacate all sanctions imposed thereby, to reverse Plaintiff's disbarment by Defendant Supreme Court effective May 10, 2019, and to restore Plaintiff's name to the active roll of attorneys in the state of California nunc pro tunc to that date.

<u>First Cause of Action</u>

<u>Civil Rights Violation</u>

*[As against Defendants State Bar of California, Office of Chief Trial Counsel,*

*Augustin Hernandez, Drew Massey, Brandon Tady,*

*State Bar Court of California, Cynthia Valenzuela, Catherine Purcell,*

*W. Kearse McGill, Ronald Stovitz and Does 1-25.]*

25.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 above as if set forth in full herein.

26.     At all times stated herein, Defendants, and each of them, acted under color of California state law.

27.     At all times stated herein, Defendants, and each of them, deprived Plaintiff of a federal constitutional right to due process and equal protection of the law by preventing Plaintiff from receiving fair and unbiased hearings in the State Bar Court.

28.     At all times stated herein, Defendants, and each of them, deprived Plaintiff of federal statutory rights conveyed upon Plaintiff by the Americans with Disability Act.

29.     As a result of the wrongful actions of Defendants, and each of them, Plaintiff sustained physical, mental and pecuniary damages in the sum of $5,000,000.00.

30.  As a result of the malicious and wanton actions of Defendants, and each of them, in violating Plaintiff's federally protected rights, Plaintiff requests punitive damages in the sum of $20,000,000.00.

<u>Second Cause of Action</u>

<u>ADA Rights Violation</u>

*[As against Defendants State Bar of California, Office of Chief Trial Counsel,*

*Augustin Hernandez, Drew Massey, Brandon Tady,*

*State Bar Court of California, Cynthia Valenzuela, Catherine Purcell,*

*W. Kearse McGill, Ronald Stovitz and Does 26-50.]*

31.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 above as if set forth in full herein.

32.     At all times stated herein, Plaintiff was a licensed attorney in the state of California.

33.     At all times stated herein, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA.

34.     Plaintiff's major depression is a mental impairment that substantially limits one or more major life activities.

35.     Plaintiff has a record of a mental impairment that substantially limits one or more major life activities.

36.     Defendants, and each of them, were aware of Plaintiff's mental impairment.

37.     Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendants' decision to prosecute allegations of misconduct where Plaintiff's disability was the actual cause of the misconduct.

38.     Defendants, and each of them, were predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

39.     The actions of Defendants, and each of them, were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

40.     As a direct and proximate result of violations by the Defendants, and each of them, of Plaintiff's rights as alleged, Plaintiff privileges of employment were adversely affected.

41.     As a direct and proximate result of the wrongful acts and omissions of Defendants, and each of them, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation;

and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of Plaintiff's choice.

42.    At all times stated herein, Plaintiff was disabled within the meaning of the ADA but was still able to practice law with reasonable accommodation.

43.    At all times stated herein, the state of California provided reasonable accommodation for attorneys suffering from mental disability through the ADP and LAP.

44.    At all times stated herein, Defendants, and each of them, intentionally and wrongfully violated Plaintiff's ADA rights and denying Plaintiff reasonable accommodation by concealing the existence of, failing to advise Plaintiff of, and/or preventing Plaintiff from obtaining protection of the ADP and LAP.

45.    As a result of the wrongful actions of Defendants, and each of them, Plaintiff sustained physical, mental and pecuniary damages in the sum of $5,000,000.00.

46.    As a result of the intentional actions of Defendants, and each of them, in violating Plaintiff's ADA rights, Plaintiff requests punitive damages in the sum of $20,000,000.00.

<u>Third Cause of Action</u>

<u>Wrongful Use of Administrative Proceedings</u>

*[As against Defendants State Bar of California, Office of Chief Trial Counsel,*

*Augustin Hernandez, Drew Massey, Brandon Tady,*

*State Bar Court of California, Cynthia Valenzuela, Catherine Purcell,*

*W. Kearse McGill, Ronald Stovitz and Does 51-75.]*

47.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 above as if set forth in full herein.

48.     Defendants, and each of them, were actively involved in bringing and/or continuing administrative proceedings before Defendant State Bar Court.

49.     Defendant State Bar did not conduct an independent investigation.

50.     That proceeding ended in Plaintiff's favor as to three of the four charges brought, and, but for the wrongful conduct of Defendants, and each of them, that proceeding should have ended in Plaintiff's on the fourth charge as well.

51.     No reasonable person in Defendants' circumstances would have believed that there were reasonable grounds to bring the four charges brought in the proceeding against Plaintiff.

52.     Defendants, and each of them, acted primarily for a purpose other than succeeding on the merits of the charges.

53.     As a proximate result of the actions of Defendants, and each of them, Plaintiff was harmed.

54.     The conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

55.     As a result of the wrongful actions of Defendants, and each of them, Plaintiff sustained physical, mental and pecuniary damages in the sum of $5,000,000.00.

56.     As a result of the intentional actions of Defendants, and each of them, in wrongfully using administrative proceedings against Plaintiff, Plaintiff requests punitive damages in the sum of $20,000,000.00.

Fourth Cause of Action

Abuse of Process

*[As against Defendants State Bar of California, Office of Chief Trial Counsel,*

*Augustin Hernandez, Drew Massey, Brandon Tady,*

*State Bar Court of California, Cynthia Valenzuela, Catherine Purcell,*

*W. Kearse McGill, Ronald Stovitz and Does 76-100.]*

57.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 above as if set forth in full herein.

58.     Defendants, and each of them, took numerous inappropriate actions against Plaintiff, including, but not limited to, intentionally withholding charges to

generate a subsequent filing for the sole purpose of attempting to get a higher level of discipline which could ultimately result in Plaintiff's disbarment, withholding charges to prevent Plaintiff from exercising his rights under ADA, ADP and LAP for the sole purpose of attempting to get a higher level of discipline which could ultimately result in Plaintiff's disbarment, and filing false and/or unprovable charges for the sole purpose of attempting to get a higher level of discipline which could ultimately result in Plaintiff's disbarment.

59.     Defendants, and each of them, intentionally used these legal procedures, and many others, in an unlawful attempt to have Plaintiff disbarred without just cause.

60.     As a proximate result of the actions of Defendants, and each of them, Plaintiff was harmed.

61.     The conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

62.     As a result of the wrongful actions of Defendants, and each of them, Plaintiff sustained physical, mental and pecuniary damages in the sum of $5,000,000.00.

63.     As a result of the intentional actions of Defendants, and each of them, in abusing the legal process against Plaintiff, Plaintiff requests punitive damages in the sum of $20,000,000.00.

<u>Fifth Cause of Action</u>

<u>Intentional Infliction of Emotional Distress</u>

*[As against Defendants State Bar of California, Office of Chief Trial Counsel,*

*Augustin Hernandez, Drew Massey, Brandon Tady,*

*State Bar Court of California, Cynthia Valenzuela, Catherine Purcell,*

*W. Kearse McGill, Ronald Stovitz and Does 101-125.]*

64.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 63 above as if set forth in full herein.

65.    The conduct of Defendants, and each of them, was outrageous.

66.    Defendants, and each of them, intended to cause Plaintiff emotional distress.

67.    Defendants, and each of them, acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

68.    Plaintiff suffered severe emotional distress.

67.    The conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff's severe emotional distress.

68.    As a result of the wrongful actions of Defendants, and each of them, Plaintiff sustained physical, mental and pecuniary damages in the sum of $5,000,000.00.

69.     As a result of the intentional actions of Defendants, and each of them, for intentionally causing Plaintiff severe emotional distress, Plaintiff requests punitive damages in the sum of $20,000,000.00.

Sixth Cause of Action

Negligent Infliction of Emotional Distress

*[As against Defendants State Bar of California, Office of Chief Trial Counsel,*

*Augustin Hernandez, Drew Massey, Brandon Tady,*

*State Bar Court of California, Cynthia Valenzuela, Catherine Purcell,*

*W. Kearse McGill, Ronald Stovitz and Does 126-150.]*

70.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 69 above as if set forth in full herein.

71.     Defendants, and each of them, were negligent.

72.     Plaintiff suffered serious emotional distress.

73.     The conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff's serious emotional distress.

74.     As a result of the wrongful actions of Defendants, and each of them, Plaintiff sustained physical, mental and pecuniary damages in the sum of $5,000,000.00.

Seventh Cause of Action

Conspiracy

*[As against Defendants State Bar of California, Office of Chief Trial Counsel,*

*Augustin Hernandez, Drew Massey, Brandon Tady,*

*State Bar Court of California, Cynthia Valenzuela, Catherine Purcell,*

*W. Kearse McGill, Ronald Stovitz and Does 201-250.]*

75.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 74 above as if set forth in full herein.

76.     Defendants, and each of them, committed numerous tortuous acts, as indicated above, that harmed Plaintiff.

77.     Defendants, and each of them, are responsible for the harm because Defendants, and each of them, were aware that the other Defendants, and each of them, planned the wrongful acts stated above, and others, agreed with each other and intended to commit the wrongful acts stated above, and others.

78.     As a result of the wrongful actions of Defendants, and each of them, Plaintiff sustained physical, mental and pecuniary damages in the sum of $5,000,000.00.

79.     As a result of the intentional actions of Defendants, and each of them, in conspiring to commit tortuous acts against Plaintiff, Plaintiff requests punitive damages in the sum of $20,000,000.00.

<u>Eighth Cause of Action</u>

<u>Violation of Federal Bankruptcy Law</u>

*[As against Defendants State Bar of California,*

*Franchise Tax Board and Does 200-250.]*

80.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 79 above as if set forth in full herein.

81.     Due to the wrongful actions of Defendants, and each of them, preventing Plaintiff from practicing law, Plaintiff was required to file for Chapter 7 bankruptcy protection on June 16, 2017.

82.     Defendant State Bar was listed a creditor in that Chapter 7 but took no action to preserve their claim.

83.     Plaintiff's Chapter 7 was discharged on November 15, 2017.

84.     Since discharge, Defendant State Bar through the Franchise Tax Board has taken unlawful action to collect on discharged debts in violation of U.S. Bankruptcy law.

85.     As a result of the wrongful actions of Defendants, and each of them, Plaintiff sustained pecuniary damages in a sum to be determined at trial.

Ninth Cause of Action

Declaratory Relief

*[As against Defendants State Bar Court of California,*

*California Supreme Court and Jorge E. Navarrete,*

*in his capacity as Supreme Court Clerk and Executive Officer.]*

86.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 85 above as if set forth in full herein.

87.   Due to the wrongful actions of Defendants, and each of them, Plaintiff was wrongfully, illegally and maliciously prosecuted and convicted of professional misconduct without sufficient admissible evidence and against the protection afforded to Plaintiff under the ADA.

88.   Plaintiff requests a declaration vacating the findings of misconduct by Defendant State Bar Court and all sanctions imposed thereby, reversing Plaintiff's disbarment by Defendant Supreme Court and restoring Plaintiff to the roll of active attorneys in the state of California nunc pro tunc to the date of disbarment.

Prayer for Relief

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants, an each of them, as follows:

a.  As to causes of action 1, 2, 3, 4, 5, 6, 7 and 8, compensatory damages in the sum of $5,000,000.00, unless other indicated;

b.  As to causes of action 1, 2, 3, 4, 5, 7 and 8, punitive damages in the sum
of $20,000,000.00;

c.  As to all causes of action, a declaration vacating the findings of
misconduct by Defendant State Bar Court and all sanctions imposed
thereby, reversing Plaintiff's disbarment by Defendant Supreme Court
and restoring Plaintiff to the roll of active attorneys in the state of
California nunc pro tunc to the date of disbarment.

d.  Costs of suit; and

e.  Such other and further relief as the Court may deem just and proper.

<u>Jury Demand</u>

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

<u>Certification and Closing</u>

Under Federal Rule of Civil Procedure 11, by signing below, Plaintiff
certifies to the best of his knowledge, information, and belief that this complaint:
(1) is not being presented for an improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by
existing law or by a nonfrivolous argument for extending, modifying, or reversing
existing law; (3) the factual contentions have evidentiary support or, if specifically
so identified, will likely have evidentiary support after a reasonable opportunity for

further investigation or discovery; and (4) the complaint otherwise complies with

the requirements of Rule 11. A.

Additionally, Plaintiff agrees to provide the Clerk's Office with any changes

to his address where case–related papers may be served. Plaintiff understands that

his failure to keep a current address on file with the Clerk's Office may result in

the dismissal of this case.

Dated:        May 10, 2021                              /s/

_____

Drago C. Baric
Plaintiff Pro Se


## Verification


I, Drago C. Baric, verify under penalty of perjury that I have read the above

complaint and its contents. I also verify that, to the best of my knowledge and

recollection, the matters stated in the complaint are true and correct.


Dated:        May 10, 2021                              /s/

_____

Drago C. Baric