UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAGO C. BARIC,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>  Defendants. | NO. CV 21-3968-ODW (AGR)<br><br>ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT RECOMMEND DISMISSAL OF THE COMPLAINT |

For the reasons set forth below, the court orders Plaintiff to show cause in writing, on or before *June 17, 2021*, why the court should not recommend dismissal of the complaint.

# I.
# THE COMPLAINT

According to the complaint, Plaintiff has been disbarred by order of the California Supreme Court.[1] (Compl. ¶ 22.) Plaintiff has filed suit against five categories of defendants: (1) the State Bar of California ("State Bar"), (2) its Office of Chief Trial Counsel and individual prosecutors A. Hernandez, D. Massey, and B. Tady; (3) the State Bar Court and individual Judges C. Purcell, W. McGill, and R. Stovitz; (4) the California Supreme Court and its Clerk, J. Navarette, in his official capacity; and (5) the California Franchise Tax Board ("FTB").

# II.
# *ROOKER FELDMAN* DOCTRINE

The complaint asks the court to "vacate the findings of misconduct by Defendant State Bar Court and vacate all sanctions imposed thereby," "reverse Plaintiff's disbarment by Defendant Supreme Court effective May 10, 2019" and "restore Plaintiff's name to the active roll of attorneys in the state of California nunc pro tunc to that date." (Compl. ¶¶ 24, 88.)

This court does not have jurisdiction over Plaintiff's complaint under the *Rooker Feldman* doctrine. "[U]nder . . . the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). Only the United States Supreme Court may review final judgments of the state's highest court by writ of certiorari. 28 U.S.C. § 1257.

"Stated simply, the *Rooker-Feldman* doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review

---

[1] According to the online docket in Plaintiff's criminal case, the next hearing is set for June 10, 2019.

and rejection of those judgments.'" *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (citation omitted); *Dencer v. Cal. State Bar*, 713 Fed. Appx. 617, 618 (9th Cir. 2018) (disbarment proceedings); *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003); *Craig v. State Bar of California*, 141 F.3d 1353, 1354 & n.1 (9th Cir. 1998) (noting *Rooker Feldman* doctrine "is especially appropriate when applied to a state's regulation of its own bar"). The *Rooker-Feldman* doctrine bars review "even where the challenge to the state court decision involves federal constitutional issues." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *see D. C. Court of Appeals v. Feldman*, 460 U.S. 462, 485 (1983) (barring challenge based on "'alleged deprivations of federally protected due process and equal protection rights'") (citation omitted).

Plaintiff unequivocally seeks to have the disbarment proceedings against him overturned. This court lacks jurisdiction to hear such claims under the *Rooker Feldman* doctrine. To the extent Plaintiff relies on the Declaratory Judgment Act, 28 U.S.C. § 2001, the Act does not provide an independent basis for jurisdiction in federal court. *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983).

### III.

### **IMMUNITY**

The Eleventh Amendment bars claims for monetary relief against the State Bar of California, its Office of Chief Trial Counsel, the State Bar Court, the California Supreme Court, the California Franchise Tax Board, and all individual defendants in their official capacity under 42 U.S.C. § 1983. *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995); *see also Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985).

To the extent Plaintiff seeks monetary damages from judges, "state judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This is true "even when such acts are in excess of their jurisdiction, and are alleged to

have been done maliciously or corruptly." *Id.* Judicial immunity applies when a plaintiff alleges the judge erred or failed to comply with due process. *Id.* at 359-60; *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). Judicial immunity can be overcome only in two circumstances: (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or (2) actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). Here, Plaintiff challenges judicial rulings. Presiding over court proceedings and issuing rulings are acts normally performed by a judge in his or her judicial capacity. *Id.* at 12; *Moore*, 96 F.3d at 1244. The scope of jurisdiction is interpreted broadly for purposes of judicial immunity. *Stump*, 435 U.S. at 356.

"The Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages." *Hirsh*, 67 F.3d at 715.

Individuals are not proper defendants under Title II of the ADA. 42 U.S.C. § 12132; *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th 2002) ("ADA applies only to public entities").

Moreover, the ADA claim does not appear to make sense. Plaintiff alleges Defendants violated the ADA when they concealed the existence of, failed to advise him of, and prevented him from, the Alternative Discipline Program ("ADP"). (Compl. ¶ 44.) The State Bar Court's Review Department affirmed the hearing judge's denial of Plaintiff's request for referral to the ADP because Plaintiff had previously completed the ADP program in connection with his prior third disciplinary matter. *In re Baric*, Case No. 17-O-00030, Opinion at 3-4 (Dec. 6, 2018) (available at www.calbar.ca.gov/fal/Licensee/Detail/105383). With Plaintiff having previously completed the ADP program and having requested another referral to it in his fourth disciplinary matter, Plaintiff's ADA claim appears implausible.

4

## IV.

## ALLEGED VIOLATION OF BANKRUPTCY ORDER OF DISCHARGE

In his eighth claim for relief, Plaintiff alleges that his most recent Chapter 7 bankruptcy petition was discharged on November 15, 2017 and that the State Bar, through the FTB, has taken unlawful action to collect on discharged debts. (Compl. ¶¶ 83-84.)

Plaintiff does not have a private right of action for violation of a bankruptcy discharge order in the district court. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507-10 (9th Cir. 2002) (declining to find private right of action under 11 U.S.C. §§ 105, 524). This court lacks jurisdiction over Plaintiff's claim.[2]

## V.

## ORDER

IT IS THEREFORE ORDERED that on or before **June 17, 2021,** Plaintiff shall show cause in writing why this court should not recommend dismissal of the complaint. In the absence of a viable federal claim for relief, it will be recommended that the court decline supplemental jurisdiction over any state law claims. *See* 28 U.S.C § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

**If Plaintiff fails to respond to this order to show cause by June 17, 2021, then the court may recommend dismissal of the complaint.**

DATED: May 14, 2021

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[2] Plaintiff does not allege that he initiated any violation proceedings in the bankruptcy court. The court expresses no view as to the merits of such a proceeding.

5